UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-167 |
| | ) | |
| COREY MCINTURFF | ) | |

**MEMORANDUM AND ORDER**

The defendant has pled guilty to conspiring to distribute five grams or more of methamphetamine and is presently set for sentencing on April 8, 2021. The United States Probation Office has prepared and disclosed its Presentence Investigation Report ("PSR") [doc. 214], to which the defendant has filed two objections [doc. 230]. The United States has responded to the objections [doc. 235] and the probation office has issued its PSR Addendum [doc. 240].

I.

*Safety Valve*

By his first objection, the defendant argues that he is entitled to application of the safety valve. *See* 18 U.S.C. § 3553(f). The United States initially disagreed. [Doc. 235]. However, according to the subsequently issued PSR Addendum, the United States now agrees that the defendant is safety valve eligible. As such, pursuant to the *statutory* safety valve the defendant is no longer subject to a 60-month mandatory minimum sentence, and he will be additionally granted a two-level downward variance to compensate for the former *guideline* safety valve. His first objection will be sustained.

II.

*Mitigating Role*

Next, the defendant objects that he is entitled to a mitigating role adjustment under United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 3B1.2. That guideline provides for downward adjustments of two, three, or four levels for persons who were "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A). The four-level reduction for "minimal" role "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group" and who had a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." *Id.* cmt. n.4. The two-level reduction for "minor" role applies to a defendant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.* cmt. n.5. A three-level reduction is recommended for defendants falling between "minor" and "minimal" participation. U.S.S.G. § 3B1.2. Defendants bear the burden of proof by a preponderance of the evidence. *United States. v. Elder*, 90 F.3d 1110, 1134 (6th Cir. 1996). Factors to be considered include:

- The degree to which the defendant understood the scope and structure of the criminal activity.

- The degree to which the defendant participated in planning or organizing the criminal activity.

- The degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority.

2

- The nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts.

- The degree to which the defendant stood to benefit from the criminal activity.

*Id.* cmt. n.3(C).

The Court has weighed the factors cited above, along with the arguments presented by the parties. Having done so, the Court concludes that a two-level minor role adjustment is warranted.

The factual basis of the defendant's plea agreement [doc. 97] (signed by the defendant and his attorney) is incorporated into his PSR. [Doc. 214, ¶¶ 6-11]. There, it is admitted that:

1. The defendant met codefendant Robert Edwards in April 2019 and then purchased small quantities of methamphetamine (one to two grams) from Edwards on five or six occasions. [*Id.* ¶ 6].

2. In April and May of 2019, the defendant purchased methamphetamine five to six times from codefendant Josh Hampton in quantities ranging between one and five grams. [*Id.* ¶ 7].

3. Along with others, the defendant fronted money ($150.00) to Hampton in April 2019 because Hampton "was collecting money so that he could make a trip to Georgia to purchase a quantity [of methamphetamine] from his supplier." [*Id.*].

4. The defendant purchased unspecified amounts of methamphetamine from codefendant Robbie English on three occasions, one of which while working as a confidential informant. [*Id.* ¶ 8].

5. The defendant "was selling small quantities of methamphetamine to others" including an coconspirator who was not indicted in this case. The defendant would also buy methamphetamine from that coconspirator when the defendant had none to sell. Additionally, the defendant introduced others to the coconspirator so that they could purchase methamphetamine from the coconspirator. [*Id.* ¶ 9].

6. For sentencing purposes, the defendant agreed that he is responsible for distributing more than five but less than 20 grams of actual methamphetamine. [*Id.* ¶ 11].[1]

The defendant's PSR also details his efforts to frame law enforcement officers and another individual by planting "a small amount of methamphetamine" in the individual's vehicle. [*Id.*, ¶¶ 27-31]. The defendant has not objected to the contents of those paragraphs and they are thus conclusively accepted by the Court as findings of fact. *See* Fed. R. Crim. P. 32(i)(3)(A). Nonetheless, those facts are of little import in resolving the defendant's objection because they do not establish whether the "small amount of methamphetamine" and/or the victims were connected to the instant conspiracy in any way.

A four-level minimal participant adjustment will not be applied in this case because the defendant has admitted to a sufficient degree "of knowledge [and] understanding of the scope and structure of the enterprise and of the activities of others." He was aware that codefendants Edwards, Hampton, and English (along with the other coconspirator) could serve as sources of supply for his own drug dealing and for other persons. The defendant

---

[1] The defendant correctly notes [doc. 230, p. 2] that he has been held accountable for a lower quantity of methamphetamine than any of the six codefendants who have thus far signed plea agreements. [Docs. 41, 60, 82, 131, 176, 183].

4

knew that Hampton traveled to Georgia to obtain methamphetamine from his source, and the defendant helped fund one such trip.

The Court will, however, apply a two-level minor participant adjustment. According to the proof before the Court, the defendant sold methamphetamine only in small quantities. He was by all accounts a street dealer and is being held accountable for a lower quantity of drugs than the six codefendants who have pled guilty so far. There is no evidence that the defendant exercised or influenced decision-making authority. Other than contributing to Hampton's trip to Georgia and referring customers to the unindicted coconspirator, there is no evidence of planning or organizing. The defendant's small-scale drug sales likely generated little profit.

III.

*Conclusion*

As provided herein, the defendant's first objection to his PSR is **SUSTAINED** and his second objection is **SUSTAINED IN PART**. [Doc. 230].

At present, the PSR calculates the defendant's total offense level as 21 and his criminal history category as I. With a two-level downward minor role adjustment pursuant to U.S.S.G. § 3B1.2(b), the total offense level becomes 19. The Court will then apply a two-level downward variance to account for the former guideline safety valve, leaving the defendant with a total offense level of 17, a criminal history category of I, and an advisory guideline range of 24 to 30 months.

Lastly, the sentencing hearing presently scheduled for April 8, 2021, is **RESET** to **Thursday, May 6, 2021, at 9:30 a.m.** in Knoxville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge